**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUDY CAMPOS,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>CITY OF IRWINDALE, a municipal corporation; and MARIO CAMACHO, individually and as Lieutenant for the Irwindale Police Department,<br><br>          Defendants - Appellees. | No. 13-55439<br><br>D.C. No. 2:12-cv-05805-JGB-MRW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted February 12, 2015[**]
Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER and WARDLAW, Circuit Judges, and MOLLOY,[***] Senior District Judge.

Rudy Campos appeals the district court's grant of summary judgment in favor of Mario Camacho and the City of Irwindale in this § 1983 action. Campos claims that Camacho and the City of Irwindale wrongfully retaliated against him for exercising his First Amendment rights at a meeting of the Irwindale Police Officers' Association (IPOA) on July 3, 2008. Campos asserts that the retaliatory acts took two forms: (1) poor performance evaluations, and (2) withholding of overtime shifts. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court properly excluded the asserted adverse employment actions that occurred before July 5, 2010, due to California's two-year statute of limitations for § 1983 claims. *Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026-27 (9th Cir. 2007). Campos did not file his complaint until July 5, 2012, even though he claims to have experienced discrete retaliatory acts as early as August 2008. While Campos describes a series of discrete retaliatory acts, spanning several years, only those acts occurring within the two-year statute of limitations are actionable. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

---

[***] The Honorable Donald W. Molloy, Senior District Judge for the U.S. District Court for the District of Montana, sitting by designation.

2.  The district court did not err in holding that Campos failed to provide any evidence demonstrating a connection between his votes at the July 3, 2008 IPOA meeting and his performance evaluations. *Huskey v. City of San Jose*, 204 F.3d 893, 899-900 (9th Cir. 2000).  Campos presented no evidence that Camacho was involved in or influenced his 2010 or 2011 performance evaluations.

3.  With respect to overtime pay, the district court correctly held, based on Campos's deposition testimony, that Camacho withdrew overtime from Campos only once, and that this overtime had been assigned to Campos in error.  Thus, this withdrawal was not in retaliation for protected First Amendment activity because it was not "of a nature that would stifle someone from speaking out." *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 544 (9th Cir. 2010).  Moreover, the undisputed evidence showed that Campos was consistently one of the highest earners of overtime wages.

4.  Nor did Campos present evidence showing that he was "injured pursuant to an expressly adopted official policy, a long-standing practice or custom, or the decision of a final policymaker." *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (internal quotation marks omitted).  Campos provided no evidence of an official policy or custom of giving negative performance evaluations or withholding overtime shifts in retaliation.  Nor has Campos

provided evidence that his asserted injury is attributable to a final policymaker. *Id.* at 1066-67. Thus, the City of Irwindale is not liable under a *Monell* theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

Because Campos is not able to show that he was subjected to adverse employment action sufficient for recovery under § 1983, the district court properly granted summary judgment in favor of Camacho and the City of Irwindale.

**AFFIRMED**.

4